HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Joshua A. Filzer, Esq.
40 Paterson Street, P.O. Box 480
New Brunswick, NJ 08903
(732) 545-4717
Attorneys for Respondent, Carnegie Surgical LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Accurate Surgical and Scientific Corporation, et al.<br><br>Movant,<br><br>v.<br><br>Carnegie Surgical LLC,<br><br>Respondent, | **CIVIL CASE NO. 3:2026-cv-13234**<br><br>**RESPONDENT CARNEGIE SURGICAL LLC'S OPPOSITION TO ACCURATE SURGICAL AND SCIENTIFIC CORPORATION MOTION TO COMPEL**<br><br>**Hearing:** November 2, 2026<br>Judge: Hon. Georgette Castner<br>Magistrate: Hon. Judge J. Brendan Day |

Pursuant to L. Civ. R. 7., Respondent Carnegie Surgical LLC ("Respondent or "Carnegie Surgical") hereby responds to the Motion to Compel of Movant Accurate Surgical and Scientific Corporation (Movant or "ASSI") as follows:

## I. INTRODUCTION

Carnegie Surgical is no longer a party to the lawsuit and a joint dismissal of Carnegie Surgical was filed on January 20, 2026. *See* Decl. of Nawaz, Ex. A. Since the dismissal of Carnegie Surgical, Movant has served Carnegie Surgical with two subpoenas comprising 38 requests for documents and 29 topics for deposition, even though Movant admits Carnegie, a

party now dismissed with prejudice, and defendant Hayden Medical, Inc. ("Hayden") did **NOT** sell goods marked with the trademarks at issue. Instead, Movant alleges (without citation) that Hayden infringed Movant's marks "during verbal and written marketing sales communications, when offering or selling these copycat surgical instruments to its physician customers and prospective customers." (Dkt. #1, pg. 3.) This is not a basis for the continued pursuit of testimony and documents from a non-party under FRCP, Rule 45. A party's desire for cumulative information available from other parties does not justify burdening a nonparty like Carnegie Surgical. See, *e.g.*, *Arista Records LLC v. Lime Grp. LLC*, 2011 WL 679490, at *1-3 (W.D. Wash. Feb. 9, 2011) (denying motion to compel nonparty Amazon to produce documents in underlying copyright infringement case where documents requested were duplicative or available from a party and unduly burdensome).

Moreover, the present motion is moot as Carnegie Surgical is concurrently producing all available documents responsive to the subpoena that its CEO, Mr. Ahmad Nawaz, can locate. Decl. of Nawaz, ¶3. Carnegie Surgical did not produce these documents previously as Mr. Nawaz was out of the country from September 18 to October 2 and out of state from September 10 to 13 and October 15 to 20 and unable to search his records in response to Movant's allegations of deficient production. Decl. of Nawaz, ¶4. Accordingly, Movant's motion to compel should be denied in its entirety.

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure require this Court to limit discovery it determines is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or when "the burden or expense of the proposed discovery outweighs its likely benefits." Fed.R.Civ.P. 26(b)(2)(C)(i), (iii).

Restrictions may be broader when discovery burdens a non-party. *See Dart Indus. Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980). A party should not be permitted to seek information from a non-party that they can obtain or have obtained from the opposing party, and that is not relevant to the underlying case. *Instituform Technologies, Inc. v. Cat. Contracting, Inc.*, 914 F.Supp. 286, 287 (N.D.III.1996). Because the documents requested from Carnegie Surgical can better be obtained from Hayden Medical, Movant's need to enforce the subpoena is outweighed by the burden to Carnegie Surgical.

A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). A nonparty is entitled to greater protection from discovery burdens than a party to the underlying litigation. *See Dart Indus. Co., Inc. v. Westwood Chem. Co.*, Inc., 649 F.2d 646, 649 (9th Cir. 1980)("While discovery is a valuable right and should not be unnecessarily restricted [], the 'necessary' restriction may be broader when a nonparty is the target of discovery."). Accordingly, all discovery requests must be narrowly tailored to what is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

## III. <u>ARGUMENT</u>

### A. THE MOTION TO COMPEL IS MOOT.

Carnegie Surgical has, concurrent to this opposition, served Movant with the only responsive documents in its possession that it has been able to locate. Decl. of Nawaz, ¶3. Prior to the service of the motion to compel, Mr. Nawaz has been out of the country and out of the state and has been unable to search for documents sought by Movant. Dec. of Nawaz, ¶4. The motion is, accordingly moot, and should be dismissed.

**B. THE SUBPOENAS ARE CUMULATIVE AND DUPLICATIVE OF DOCUMENTS BETTER OBTAINED FROM DEFENDANT HAYDEN MEDICAL.**

Movant's present case is against Hayden for alleged trademark infringement in "verbal and written marketing sales communications." (Dkt. #1, p. 3.) Thus, Hayden is the proper source for relevant information and documentation, *not Carnegie Surgical*. Movant should not be permitted to seek information from a non-party that it can obtain or have obtained from the opposing party, and that is not relevant to the underlying case. *Instituform Technologies, Inc. v. Cat. Contracting, Inc.*, 914 F.Supp. 286, 287 (N.D.III.1996). The first subpoena has the following duplicative and cumulative requests (7 out of the 11 requests) that were more readily available from Defendant Hayden:

4. All Communications with any supplier of surgical instruments that supplies Caregie with products under the HIDALGO Mark, including but not limited to the Accused HIDALGO Goods, in connection with Carnegie's offer for sale or sale of such surgical instruments to Defendant Hayden.

6. All invoices issued to Defendant Hayden for its purchase of surgical instruments sold under the HIDALGO Mark from Carnegie, including but not limited to invoices for the sale of the Accused HIDALGO Goods.

7. All purchase orders Carnegie received from Defendant Hayden in connection with the purchase of surgical instruments sold under the HIDALGO Mark, including but not limited to purchase orders for the Accused HIDALGO Goods.

8. Documents sufficient to show the total units sold (by product and model number), the lot number, Carnegie's total net and gross profits, and costs to Carnegie associated with each

sale of surgical instruments sold to Defendant Hayden under the HIDALGO Mark, including but not limited to the Accused HIDALGO Goods.

9. All Documents and Communications Defendant sent to or received from Defendant Hayden in which the term HIDALGO appears.

10. All Documents and Communications Defendant sent to or received from Defendant Hayden that references ASSI, Dr. Hidalgo, or the HIDALGO Goods.

11. All Communications with actual or potential customers concerning any instances of actual or possible confusion, mistake, deception, or association of any kind between ASSI, Dr. Hidalgo, or the HIDALGO Goods, on the one hand, and Defendant Hayden or the Accused HIDALGO Goods on the other hand.

In the second subpoena, the following requests are duplicative and cumulative to information/documentation in Hayden's possession (14 of the 27 requests):

7. Communications between Carnegie and Hayden regarding this Lawsuit.

9. Documents that compare Carnegie's products or Hayden's products to ASSI's products.

10. Documents and Communications between Carnegie and Hayden that reference Dr. Epstein, the EPSTEIN Goods or the Accused EPSTEIN Goods.

12. Documents sufficient to show all model numbers of the Accused EPSTEIN Goods marketed or sold by Carnegie.

15. Purchase orders Carnegie received from Hayden for the Accused EPSTEIN Goods.

17. One representative sample of each model, version or style of the Accused EPSTEIN Goods sold or offered for sale by Carnegie.

18. Documents sufficient to identify entities that supplied Carnegie with the Accused EPSTEIN Goods.

19. Documents evidencing each lot of Accused EPSTEIN Goods manufactured by or for Carnegie.

20. Communications between Carnegie and any third party regarding the design, manufacture, production, supply or testing of the Accused EPSTEIN Goods.

21. Specifications, molds, blueprints, sketches and/or diagrams supplied to and/or received from any third party regarding the Accused EPSTEIN Goods.

22. Documents concerning the destruction or other disposition of each lot of the Accused EPSTEIN Goods manufactured by, for, or on behalf of Carnegie.

23. Documents sufficient to show all model numbers of Accused HIDALGO Goods marketed or sold by Carnegie.

24. Documents sufficient to show the total number of each model of Accused HIDALGO Goods manufactured by or for Carnegie.

25. Documents evidencing each lot of Accused HIDALGO Goods manufactured by or for Carnegie.

It should be noted that ALL of the "Accused HIDALGO Goods" and "Accused EPSTEIN Goods" relevant to the lawsuit at issue were sold or offered for sale by *Defendant Hayden Medical* as Carnegie Surgical was already dismissed with prejudice from the case. Further, 16 of the 29 topics for testimony for Carnegie Surgical referred to either Defendant Hayden Medical, "the Accused HIDALGO Goods" or the "Accused Epstein Goods." Again, such information is cumulative and duplicative to information available from Defendant Hayden Medical.

Movant has failed to establish that the only source of the information/documentation sought is from Carnegie Surgical. A party's desire for cumulative information available from other parties does not justify burdening a nonparty like Carnegie Surgical. *See, e.g., Arista Records LLC v. Lime Grp. LLC*, 2011 WL 679490, at *1-3 (W.D. Wash. Feb. 9, 2011) (denying motion to compel nonparty Amazon to produce documents in underlying copyright infringement case where documents requested were duplicative or available from a party and unduly burdensome). Thus, Movant's motion to compel should be denied in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Respondent Carnegie Surgical LLC respectfully requests that the Court deny Movant's motion in its entirety.

Respectfully submitted,

*Joshua A. Filzer*

Dated: October 26, 2026

Joshua A. Filzer
HOAGLAND, LONGO, MORAN,
DUNST & DOUKAS, LLP
Attorneys for Respondent,
Carnegie Surgical LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the below, copies of the foregoing document was filed electronically via the Court's CM/ECF system. Notice of these filings will be sent to all attorneys of record by operation of the Court's Electronic Filing System.

*Joshua A. Filzer*

Dated: October 26, 2026

Joshua A. Filzer