# EXHIBIT A

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
40 Paterson Street, P.O. Box 480
New Brunswick, NJ 08903
(732) 545-4717
Attorneys for Respondent, Carnegie Surgical LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Accurate Surgical and Scientific Corporation, et al.<br><br>Movant,<br><br>v.<br><br>Carnegie Surgical LLC,<br><br>Respondent, | **CIVIL CASE NO. 3:2026-cv-13234**<br><br>**DECLARATION OF AHMAD NAWAZ IN SUPPORT OF RESPONDENT CARNEGIE SURGICAL LLC'S OPPOSITION TO ACCURATE SURGICAL AND SCIENTIFIC CORPORATION MOTION TO COMPEL**<br><br>**Hearing:** November 2, 2026<br>Judge: Hon. Georgette Castner<br>Magistrate: Hon. Judge J. Brendan Day |

I, Ahmad Nawaz, of full age, hereby declare as follows:

1. I am the CEO of Carnegie Surgical LLC ("Carnegie Surgical"), the Respondent in this matter, and in such capacity, I am familiar with the facts set forth herein, either through my personal knowledge or through review of Carnegie Surgical's business records.

2. Carnegie Surgical was previously a defendant in the case *Accurate Surgical and Scientific Corporation, et. al v. Hayden Medical Inc.*, et. al, Case No. 2:25-cv-08004-HDV-RAO, pending in the United States District Court for the Central District of California. Attached hereto as Exhibit A is a true and correct copy of the STIPULATION AND REQUEST FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CARNEGIE SURGICAL LLC that was filed on January 20, 2026 and

subsequently granted.

3. Concurrent to the filing of this opposition, Carnegie Surgical is producing all available documents responsive to the subpoena that I can locate. I have made a diligent search for all relevant documents.

4. I could not produce these documents previously as I was out of the country from September 18 to October 2 and out of state from September 10 to 13 and October 15 to 20 and unable to search Carnegie Surgical's records in response to Movant's allegations of deficient production.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 26, 2026

Ahmad Nawaz

Ahmad Nawaz

**EXHIBIT A**

G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
655 N. Central Ave., Suite 2300
Glendale, CA 91203-1445
Tel.: (626) 795-9900
Fax: (626) 577-8800

JEANNE M. HAMBURG (Admitted *Pro Hac Vice*)
jhamburg@norris-law.com
BENJAMIN D. SCHWARTZ, CA Bar No. 323636
bschwartz@norris-law.com
DAVID H. SIEGEL (Admitted *Pro Hac Vice*)
dsiegel@norris-law.com
NORRIS MCLAUGHLIN, P.A.
7 Times Square, 21st Floor
New York, NY 10036
Tel.: (212) 808-0700
Fax: (212) 808-0844

*Attorneys for Plaintiffs*
*Accurate Surgical & Scientific Instruments Corporation,*
*Mark D. Epstein and David Hidalgo*

Additional Counsel Listed Below

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ACCURATE SURGICAL & SCIENTIFIC INSTRUMENTS CORPORATION, a New York corporation, MARK D. EPSTEIN, and DAVID HIDALGO,<br><br>Plaintiffs,<br><br>v.<br><br>HAYDEN MEDICAL, INC., a California corporation, and CARNEGIE SURGICAL LLC, a New Jersey corporation,<br><br>Defendants. | Case No. 2:25-cv-08004-HDV-RAO<br><br>**STIPULATION AND REQUEST FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CARNEGIE SURGICAL LLC**<br><br>Honorable Hernán D. Vera |

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
GORDON E. GRAY (SBN 175209)
Email: ggray@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorney for Defendant,
Carnegie Surgical LLC

Plaintiffs Accurate Surgical and Scientific Instruments Corporation ("ASSI") and Dr. David Hidalgo ("Dr. Hidalgo") (collectively, ASSI and Dr. Hidalgo are referred to herein as "Plaintiffs"), and Defendant Carnegie Surgical LLC ("Defendant Carnegie") hereby stipulate and jointly request entry of final judgment as follows:

1. That this consented Final Judgment and Permanent Injunction are entered into pursuant to a confidential settlement agreement between those Plaintiffs asserting claims in this action against Defendant Carnegie ("Confidential Settlement Agreement").

2. That this Court has subject matter jurisdiction over this action as well as personal jurisdiction over Defendant Carnegie.

3. That venue is proper in this judicial district.

4. That Dr. Hidalgo and ASSI are the owner and exclusive licensee, respectively of the mark HIDALGO (the "HIDALGO Mark") for use in connection with surgical apparatus and instruments for medical use (the "Goods");

5. That Dr. Hidalgo is the owner of pending U.S. Trademark Application Serial No. 99045828 for the HIDALGO Mark for the Goods filed on February 18, 2025.

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

6. That Defendant Carnegie has denied and continues to deny any wrongdoing, as well as any liability in this action.

7. That, except as expressly set forth in the Settlement Agreement, Defendant Carnegie, together with its subsidiaries, affiliates, officers, directors, agents, servants, employees, representatives (other than attorneys), successors and assigns, and all other persons acting at their direction or in active concert or participation with them (including distributors), are permanently enjoined and restrained from:

(a) using in any manner the HIDALGO Mark, any other HIDALGO-formative trademarks, or any other mark or name that is confusingly similar to or a colorable imitation of the HIDALGO Mark owned by Dr. Hidalgo and exclusively licensed to ASSI;

(b) doing any act or thing or refraining from action in a manner calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers as to the source of the products offered or distributed by Defendant Carnegie, or likely to confuse members of the public or prospective customers into believing that there is some connection between Defendant Carnegie and Dr. Hidalgo and/or between Defendant Carnegie and ASSI or any such connection with any other entity owned by or associated with Defendant Carnegie, the foregoing including but not limited to offering to sell or selling, without correction, a Carnegie product when a customer or potential customer makes a request or inquiry using the HIDALGO Mark;

(c) otherwise competing unfairly with Plaintiffs Dr. Hidalgo and ASSI in any manner;

(d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this injunction; or

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

(e) challenging, contesting, opposing, petitioning to cancel or otherwise taking any action to challenge or contest, the validity, enforceability, or ownership of the HIDALGO Mark and any trademark application or registration for the HIDALGO Mark, or assisting and/or funding any third party to take any of the foregoing actions.

8. That in the event that Defendant Carnegie, its subsidiaries, affiliates, officers, directors, agents, servants, employees, representatives (other than attorneys), successors and assigns, and/or all other persons acting at their direction or in active concert or participation with them (including distributors), violate the terms of this Final Judgment, requiring Plaintiffs to move the Court for a finding of contempt and injunction, Defendant Carnegie shall be liable for payment on demand to Plaintiffs for the liquidated damages in the sum of $10,000 for each instance of violation comprising a sale or offer of sale under the mark, plus reimbursement of Plaintiffs' reasonable attorneys' fees and costs in making such demand.

9. That within five (5) days after Defendant Carnegie's receipt of written notice by Plaintiffs of Defendant Carnegie's violation of this Final Judgment and Permanent Injunction, Defendant Carnegie shall cure such violation, which cure shall include a recall of any products sold in violation of this Final Judgment and Permanent Injunction, together with documentation establishing steps taken by Defendant Carnegie to achieve such cure to Plaintiffs' satisfaction.

10. That if Plaintiffs are required to make an application to this Court to enforce the terms of this Final Judgment or the parties' Confidential Settlement Agreement, they shall be entitled to the liquidated damages set forth herein as well as all reasonable attorneys' fees and costs related to such enforcement. It is understood and agreed that said amount is fixed as liquidated damages because of the difficulty of ascertaining the exact amount of damages that may be sustained because of such use. It is further understood and agreed that said amount fixed as

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

liquidated damages is a reasonable amount, considering the damages that Plaintiffs will sustain in the event of such violation. Such liquidated damages and attorneys' fees shall not be exclusive of any other monetary or other remedies to which the Court may find Plaintiffs entitled in the event of such violation. Each of the parties acknowledges and represents that it has fully considered the effect of this provision for liquidated damages.

11. That Final Judgment be entered consistent with the foregoing terms.

12. That the Parties affirmatively waive any and all rights to appeal this consented Final Judgment and Permanent Injunction.

13. That this Court retain jurisdiction over this matter to enforce compliance with the Permanent Injunction and Confidential Settlement Agreement.

14. That each party will bear its own costs and attorneys' fees associated with the action.

Based on the foregoing, Plaintiff and Defendant Carnegie request that the Court enter a final judgment against Defendant Carnegie only, on the above stipulated terms, as set forth in the [PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CARNEGIE SURGICAL LLC filed concurrently with this Stipulation.

Dated: January 20, 2026

WOMBLE BOND DICKINSON (US) LLP

By /s/ G. Warren Bleeker
G. Warren Bleeker

NORRIS McLAUGHLIN, P.A.
Jeanne M. Hamburg (Admitted *pro hac vice*)
Benjamin D. Schwartz (SBN 323636)
David H. Siegel (Admitted *pro hac vice*)

*Attorneys for Plaintiffs,*
*Accurate Surgical & Scientific Instruments Corporation, Mark D. Epstein and David Hidalgo*

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Dated: January 20, 2026

MANDOUR & ASSOCIATES, APC

By *___/s/ Gordon E. Gray___________*
Gordon E. Gray

*Attorneys for Defendant,*
*Carnegie Surgical LLC*

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

## CERTIFICATE OF SERVICE

I certify that on January 20, 2026, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **STIPULATION AND REQUEST FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CARNEGIE SURGICAL LLC** was filed via the Court's CM/ECF filing system and will be electronically served on the parties in this action as follows:

Paulo A. de Almeida
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, CA 90064-1582

Email: *pdealmeida@wrslawyers.com*

*Attorneys for Defendant Hayden Medical, Inc.*

Joseph A. Mandour, III
Ben T. Lila
Gordon E. Gray
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069

Email: *jmandour@mandourlaw.com;*
*blila@mandourlaw.com;*
*ggray@mandourlaw.com*

*Attorneys for Defendant Carnegie Surgical LLC*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 20, 2026, at Glendale, California.

*/s/ G. Warren Bleeker*
G. Warren Bleeker

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445
WOMBLE BOND DICKINSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ACCURATE SURGICAL & SCIENTIFIC INSTRUMENTS CORPORATION, a New York corporation, MARK D. EPSTEIN, and DAVID HIDALGO,<br><br>Plaintiffs,<br><br>v.<br><br>HAYDEN MEDICAL, INC., a California corporation, and CARNEGIE SURGICAL LLC, a New Jersey corporation,<br><br>Defendants. | Case No. 2:25-cv-08004-HDV-RAO<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT CARNEGIE SURGICAL LLC**<br><br>Honorable Hernán D. Vera |

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Plaintiffs Accurate Surgical and Scientific Instruments Corporation ("ASSI") and Dr. David Hidalgo ("Dr. Hidalgo") (collectively, ASSI and Dr. Hidalgo are referred to herein as "Plaintiffs"), and Defendant Carnegie Surgical LLC ("Defendant Carnegie") have stipulated and jointly moved for entry of final judgment as to Defendant Carnegie only, as follows:

1. That this consented Final Judgment and Permanent Injunction are entered into pursuant to a confidential settlement agreement between those Plaintiffs asserting claims in this action against Defendant Carnegie ("Confidential Settlement Agreement").

2. That this Court has subject matter jurisdiction over this action as well as personal jurisdiction over Defendant Carnegie.

3. That venue is proper in this judicial district.

4. That Dr. Hidalgo and ASSI are the owner and exclusive licensee, respectively of the mark HIDALGO (the "HIDALGO Mark") for use in connection with surgical apparatus and instruments for medical use (the "Goods");

5. That Dr. Hidalgo is the owner of pending U.S. Trademark Application Serial No. 99045828 for the HIDALGO Mark for the Goods filed on February 18, 2025.

6. That Defendant Carnegie has denied and continues to deny any wrongdoing, as well as any liability in this action.

7. That, except as expressly set forth in the Settlement Agreement, Defendant Carnegie, together with its subsidiaries, affiliates, officers, directors, agents, servants, employees, representatives (other than attorneys), successors and assigns, and all other persons acting at their direction or in active concert or participation with them (including distributors), are permanently enjoined and restrained from:

(a) using in any manner the HIDALGO Mark, any other HIDALGO-formative trademarks, or any other mark or name that is confusingly similar to or

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

a colorable imitation of the HIDALGO Mark owned by Dr. Hidalgo and exclusively licensed to ASSI;

(b) doing any act or thing or refraining from action in a manner calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers as to the source of the products offered or distributed by Defendant Carnegie, or likely to confuse members of the public or prospective customers into believing that there is some connection between Defendant Carnegie and Dr. Hidalgo and/or between Defendant Carnegie and ASSI or any such connection with any other entity owned by or associated with Defendant Carnegie, the foregoing including but not limited to offering to sell or selling, without correction, a Carnegie product when a customer or potential customer makes a request or inquiry using the HIDALGO Mark;

(c) otherwise competing unfairly with Plaintiffs Dr. Hidalgo and ASSI in any manner;

(d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this injunction; or

(e) challenging, contesting, opposing, petitioning to cancel or otherwise taking any action to challenge or contest, the validity, enforceability, or ownership of the HIDALGO Mark and any trademark application or registration for the HIDALGO Mark, or assisting and/or funding any third party to take any of the foregoing actions.

8. That in the event that Defendant Carnegie, its subsidiaries, affiliates, officers, directors, agents, servants, employees, representatives (other than attorneys), successors and assigns, and/or all other persons acting at their direction or in active concert or participation with them (including distributors), violate the terms of this Final Judgment, requiring Plaintiffs to move the Court for a finding of contempt and injunction, Defendant Carnegie shall be liable for payment on

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

demand to Plaintiffs for the liquidated damages in the sum of $10,000 for each instance of violation comprising a sale or offer of sale under the mark, plus reimbursement of Plaintiffs' reasonable attorneys' fees and costs in making such demand.

9. That within five (5) days after Defendant Carnegie's receipt of written notice by Plaintiffs of Defendant Carnegie's violation of this Final Judgment and Permanent Injunction, Defendant Carnegie shall cure such violation, which cure shall include a recall of any products sold in violation of this Final Judgment and Permanent Injunction, together with documentation establishing steps taken by Defendant Carnegie to achieve such cure to Plaintiffs' satisfaction.

10. That if Plaintiffs are required to make an application to this Court to enforce the terms of this Final Judgment or the parties' Confidential Settlement Agreement, they shall be entitled to the liquidated damages set forth herein as well as all reasonable attorneys' fees and costs related to such enforcement. It is understood and agreed that said amount is fixed as liquidated damages because of the difficulty of ascertaining the exact amount of damages that may be sustained because of such use. It is further understood and agreed that said amount fixed as liquidated damages is a reasonable amount, considering the damages that Plaintiffs will sustain in the event of such violation. Such liquidated damages and attorneys' fees shall not be exclusive of any other monetary or other remedies to which the Court may find Plaintiffs entitled in the event of such violation. Each of the parties acknowledges and represents that it has fully considered the effect of this provision for liquidated damages.

11. That the Parties affirmatively waived any and all rights to appeal this consented Final Judgment and Permanent Injunction.

12. That this Court retain jurisdiction over this matter to enforce compliance with the Permanent Injunction and Confidential Settlement Agreement.

Case 2:25-cv-03034-HDV-JBAO Document 134-1 Filed 01/26/26 Page 16 of 16 Page ID #:2750

13. That each party will bear its own costs and attorneys' fees associated with the action.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: _______________, 2026 ____________________________________

Honorable Hernán D. Vera
U.S. District Judge

WOMBLE BOND DICKINSON
655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445